UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:19 CR 402 RWS (SPM) |
| | ) | |
| CORELL RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR PRETRIAL
DETENTION AND SETTING CONDITIONS OF RELEASE**

Currently pending before the Court is the government's motion for pretrial detention. (ECF No. 3)   On May 23, 2019, Defendant was charged by Indictment with possessing "one or more conversion devices designed and intended solely and exclusively for use in converting a weapon into a machine gun," in violation of 18 U.S.C. § 922(o).   Defendant self-surrendered and had an initial appearance on May 30, 2019.

On June 4, 2019, the Court held a detention hearing, pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3142 et. seq.   Defendant was present with his attorney, Patrick Conroy, and the government was represented by AUSA Jason Dunkel.   Defendant asked the Court to deny the government's motion for pretrial detention and release him on conditions.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained pending trial.

> Only if the government shows by clear and convincing evidence that no   release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. ' 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)(quoting United States v. Orta, 760

F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

At the detention hearing, the parties proceeded by proffer. Both parties were given access to a Bail Report dated May 31, 2019. Neither party offered any objection to the background facts in the Bail Report except that Defendant noted that his girlfriend (now former girlfriend) had moved out of the address listed in the Bail Report and was not going to return. Accordingly, the undersigned adopts and incorporates by reference herein the facts set out in that Report, with the update that, if released, Defendant would not be living with his ex-girlfriend. In the Bail Report, the U.S. Pretrial Services Office recommended that Defendant be released on an unsecured bond.

The government persisted in its request that Defendant be detained. The government conceded that Defendant had been in contact with the authorities and self-surrendered after being notified of the charges. The government noted that, in this case, it is not a risk of flight that should concern the Court, but rather Defendant's dangerousness. The government contends that the nature of the charge shows a level of dangerousness. The government acknowledged that Defendant has no felony convictions, but he was charged with multiple serious offenses in 2015 and given an S-I-S sentence, and completed probation in February 2018. The government proffered that, in April 2018, shortly after he completed his term of probation, Defendant was involved in a shooting in Ferguson. The government proffered that Defendant was involved in a workplace dispute and allegedly shot at another person from a moving vehicle. Defendant was arrested but not charged in that incident.

Defendant asked the Court to follow the recommendation of Pretrial Services and release him pending trial. Defense counsel noted how the government's account of the Ferguson shooting incident was, in part, incomplete or inaccurate. According to Defendant, he was not

involved in any sort of drive by shooting, but rather he was accosted. Defendant stressed that he cooperated with the police in that matter and that no charged were filed and he expected that no charges would be filed.

Other than the Ferguson shooting incident, which did not result in any charges against Defendant, the government offered no other evidence of any violent conduct and no evidence that the firearm in question was used in any act or attempted act of violence.

The undersigned finds that, based on the facts of the Bail Report, the parties' proffers, and after consulting with Pretrial Services, there is a combination of conditions available to reasonably assure Defendant's appearance and the safety of the community. The government's motion or pretrial detention is denied.

The government does not contend that Defendant presents a serious risk of non-appearance. Defendant is charged with a serious offense—he has offered and can offer no good reason for purchasing a machine gun conversion kit.[1] Defendant also purchased a corresponding handgun. There is no evidence before the Court that Defendant ever actually assembled a machine gun or ever fired or used a working machine gun. Regarding the Ferguson shooting incident, the parties offered partially conflicting versions of the events involved. Defendant proffered that he cooperated with the police in that matter and the undersigned will credit that proffer for purposes of deciding the issue of detention. In fact, Defendant was never charged as a result of that matter. Although Defendant was charged in 2015 with serious and seemingly violent offenses, he received an S-I-S sentence with a term of probation and completed that probation without any noted incidents. Thus, Defendant has no felony conviction that

---

[1] At his initial appearance, despite being advised not to speak, Defendant made statements indicating that he had, in fact, purchased the conversion kit in question. Thus, for the limited purpose of deciding the government's detention motion, the undersigned finds that the weight of the government's evidence is strong.

would preclude his ownership of a handgun and it would appear that Defendant is amenable to supervision. Defendant also uses marijuana, but that use can be monitored with routine testing and treatment options. At the detention hearing, there was some discussion regarding Defendant's ex-girlfriend. In order to address any possible friction with her,[2] Defendant will be placed on location monitoring.

Based on the entire record, the undersigned finds and concludes that the conditions of release outlined below will reasonably assure the Court that Defendant will not be a danger to the community, will not flee, and will appear as required.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion that Defendant be detained pending trial [ECF No. 3] is denied.

**IT IS FURTHER ORDERED** that a bond hearing will be set for Thursday, June 6, 2019, at 10:00 a.m. in Courtroom 15 South.

**IT IS FURTHER ORDERED** that Defendant is to be released on his personal recognizance, subject to additional non-financial conditions of release, including but not limited to the following:

1. Defendant shall reside at 3305 Marshall Ave., St. Louis, MO 63114.

2. Defendant will be placed on curfew, at such times as deemed necessary by Pretrial Services and will be required to participate in a program of location monitoring which may include GPS monitoring.

3. Defendant is to have <u>no contact</u>, either directly or indirectly, with his ex-girlfriend, and must avoid all contact with anyone who is or may be a victim or witness in the investigation or prosecution.

4. Defendant must not use alcohol and must not use or possess any narcotic drug or controlled substance without a lawful prescription.

---

[2] At the hearing, defense counsel noted that there were some "hard feelings" between Defendant and his ex-girlfriend stemming from this investigation.

4

5. Defendant must participate in prohibited substance testing and substance abuse counseling and therapy, as directed by Pretrial Services.

6. Defendant must not possess or have any access to any firearms or other dangerous weapons.

7. Additional non-financial conditions of release will be addressed at a bond hearing.


 /s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of June, 2019.